# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WILLIAM A. WELCH, JR.,

        Plaintiff,

v.                                                  Case No. 2:07-CV-12334

ADW CHAPMAN,

        Defendant.
                                    /

## ORDER OF PARTIAL DISMISSAL AND DIRECTING SERVICE

William A. Welch, Jr., a state prisoner incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). Plaintiff's Eighth Amendment violation claim fails to state a claim upon which relief may be granted and is dismissed pursuant to 28 U.S.C. § 1915(e)(2).[1]

In his complaint, Plaintiff argues that Defendant transferred him from the Ryan Road Correctional Faclity in Detroit, Michigan to a correctional facility several hours

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> . . .
> (B) the action or appeal –
> . . .
> (ii) fails to state a claim upon which relief may be granted . . .

away (and several hours distant from his family and his attorney) because Defendant disapproved of Plaintiff's religious beliefs and in retaliation for Plaintiff's reluctance to "snitch" on various corrections officers, which Plaintiff felt would place him in personal danger.  Plaintiff also alleges Defendant was deliberately indifferent to his medical needs because Plaintiff has suffered from a bacterial stomach disease and high blood pressure since the transfer.

The Eighth Amendment bans cruel and unusual punishment which involves the unnecessary and wanton infliction of pain.  *Hudson v. McMillan*, 503 U.S. 1, 5 (1992); *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995).  It is well-established that deliberate indifference to serious medical needs constitutes the unnecessary and wanton infliction of pain.  *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).  To sustain an Eighth Amendment claim of deliberate indifference to medical needs, a prisoner must satisfy a two-prong test.  First, he must demonstrate that the medical needs were serious and required attention that adhered to "contemporary standards of decency."  *Hudson*, 503 U.S. at 8.  Then, he must establish that defendants were deliberately indifferent to those needs.  *Id.*  Deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  In other words, this prong is satisfied when a prison official acts with criminal recklessness, *i.e.*, when he or she "consciously disregard[s] a substantial risk of serious harm."  *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994) (citing *Farmer*, 114 U.S. at 839-40).

Plaintiff alleges that he contracted a serious stomach disease and developed high blood pressure since his transfer to the Kinross Correctional Facility. Plaintiff fails to allege that Defendant knew that transferring Plaintiff to a different facility would create an excessive risk to Plaintiff's health or safety. Further, he has failed to allege that he is not being treated for these medical conditions. Thus, the court concludes that Plaintiff fails to establish an Eighth Amendment violation based upon his transfer to the Kinross Correctional Facility. Accordingly,

IT IS ORDERED that Plaintiff's Eighth Amendment claim is DISMISSED.

IT IS FURTHER ORDERED that the United States Marshal shall serve the appropriate papers in this case on the Defendant without prepayment of the costs for such service. The Marshal may collect the usual and customary costs from Plaintiff after effecting service.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: June 11, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 11, 2007, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522